(Decided 11th June, 1889.)

John A. Whitridge, Trustee *vs.* John Whitridge Williams, and others. John Whitridge Williams, and others *vs.* John A. Whitridge, Trustee.

*Construction of Will—Principal and Income—Accumulation—Depreciation of Principal—Trustee—Beneficiaries.*

The will of a testator contained the following clause: "I give and bequeath to J. A. W. fifty thousand dollars in cash to be held in trust, the income of which to be paid to M. C. W. wife of P. C. W., for the sole use of herself and her children, during the term of her natural life; this trust to continue until her youngest child, then alive, attain to the age of twenty-one years, should she herself die previous to that time, when said trust fund is to go to her child or children then alive, in equal proportions; but

should she die without a child or children" then to certain persons named in the clause. A portion of his residuary estate was also bequeathed to said trustee upon the same trusts. On a bill filed by the trustee after the death of M. C. W. for a construction of the will, it was HELD:

1st. That the gift of the income to M. C. W. "for the sole use of herself and her children" during her natural life, did not give the children any estate in the property bequeathed. It showed that their support and maintenance were objects for which the testator desired to provide, but the mode which he adopted for securing this result was the gift to M. C. W. of the income during her life.

2nd. That M. C. W. having died before her youngest child had attained the age of twenty-one years, the trust was to continue until it reached that age, and then the fund was to be divided equally among the children living at that time.

3rd. That the income arising after her death was not to accumulate until that time, but the children were entitled to equal shares thereof until the time of division should arrive.

4th. That M. C. W. was entitled to the income during her life, and the trustee had no authority to use any portion of it to repair the depreciation of the principal.

5th. That the investments made by the trustee from time to time during her life of portions of the income, in order to keep the principal unimpaired by the loss of premiums on certain securities which had depreciated as they approached maturity, belonged to the personal estate of M. C. W. and must be delivered to her administrator.

6th. That no loss, however, ought to fall upon the trustee from having so invested the income, as M. C. W. received the benefit of the investments during her life; and the delivery of the investments to her administrator would protect her personal estate from harm, and ought therefore to be credited to the trustee as income paid by him.

CROSS APPEALS from the Circuit Court of Baltimore City.

Thomas Whitridge, now deceased, by his last will and testament left the following legacy: "I give and be-

queath to John A. Whitridge fifty thousand dollars in cash to be held in trust, the income of which to be paid to Mrs. Mary C. Williams, wife of Dr. Philip C. Williams, for the sole use of herself and her children during the term of her natural life; this trust to continue until her youngest child then alive attain to the age of twenty-one years, should she herself die previous to that time, when said trust fund is to go to her child or children then alive, in equal proportions, but should she die without a child or children," then to certain persons named in the clause. By the twenty-fourth clause of his will all the rest and residue of his estate, real, personal and mixed was given to a number of persons; and among others "to John A. Whitridge in trust for Mrs. Mary C. Williams, to be included in the trust as expressed in the fifth article of this will." Mrs. Williams is now dead, and has left four children, one of whom is over twenty-one years old, and the other three are under that age.

John A. Whitridge, trustee, filed a bill in equity averring that he had received the fifty thousand dollars above mentioned, and certain stocks and bonds set forth in a schedule, marked "Plaintiff's Exhibit B;" that during the life-time of Mrs. Williams he paid over to her the net income, except the sum of two thousand and thirty-seven dollars and thirty-seven cents, the balance in his hands at the time of her death; and also, except about three thousand dollars, which he found it necessary, in order to keep the principal unimpaired, to transfer to the principal account from time to time, to make good the loss of premiums on certain securities, which had depreciated, as they approached maturity, as set forth in an account filed with the bill, and marked "Plaintiff's Exhibit C." (Neither of these exhibits appears in the transcript sent to this Court.) The bill also averred that the trustee had received other sums of money be-

longing to the trust, all of which had been invested, except eleven thousand three hundred and sixty-seven dollars and seventy-three cents. The principal object of the bill was to obtain the opinion of the Court as to the meaning of the fifth clause of Thomas Whitridge's will, and its direction as to the disposition of the income already collected, and that which should accrue during the future continuance of the trust. The children of Mrs. Williams, and her administrator with the will annexed, were made defendants. (It was averred that Mrs. Williams left a will which does not affect any property embraced in this case.)

The Circuit Court decreed that the trustee should be charged with the income collected by him in the life-time of Mrs. Williams, and be allowed credit for payments to her, and the expenses of executing the trust, and commissions, and that the balance then remaining should be paid to the administrator of Mrs. Williams, and that the income, accrued and collected since her death, should be equally divided among her children. All parties appealed from this decree.

The cause was argued for the trustee before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted for the other parties.

*Skipwith Wilmer*, for John A. Whitridge, trustee.

*Randolph Barton*, for John W. Williams, and for guardian of the infants.

*James M. Ambler*, for the Safe Deposit and Trust Company of Baltimore, administrator, *c. t. a.*

BRYAN, J., after stating the case as above, delivered the opinion of the Court.

It is necessary to say but little about the construction of the will. The income was to be paid to Mrs. Wil-

Whitridge, Trustee *vs.* Williams, *et al.*

liams during the period of her natural life. The words "for the sole use of herself and her children," did not give the children any estate in the property bequeathed. They showed that their support and maintenance were objects for which this testator desired to provide; but the mode which he adopted for securing this result was the gift to her of the income during her life. If she should die before her youngest child should reach the age of twenty-one years, the trust was to continue until it reached that age; and then the fund was to be divided equally among the children living at that time. The purpose of the testator to secure a support for the children during their minority is clearly evident; his purpose would be fully accomplished when the youngest child reached full age; and at that time he directed the principal to be divided. If the income were to be required to accumulate instead of being divided among the children, a leading object of the testator would be defeated. We think that until the time of division shall arrive the children are entitled to equal shares of the income.

Mrs. Williams was entitled to the income during her life; and the trustee had no authority to use any portion of it to repair the depreciation of the principal. That portion which was so converted into principal belongs to the personal estate of Mrs. Williams, and must be delivered to her administrator. No loss, however, ought to fall upon the trustee from having so invested the income; as Mrs. Williams received the benefit of the investment during her life. The delivery to her administrator of the investment will protect her personal estate from harm; and it ought, therefore, now to be credited to the trustee as income paid by him. The costs in this Court must be paid out of the trust fund.

*Decree affirmed.*

(Decided 11th June, 1889.)