EDWARD B. ALDRICH, Tr. *et al. vs.* WINTHROP W. ALDRICH *et al.*

JULY 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.   Vested Remainders.   Income.   Accumulation.*

Where a will bequeathed a legacy to one child with a trust for the maintenance of the estate and annuities to the remaining seven children and the balance of the net income to the widow for life, with provision for termination after twelve years and distribution among the children or their issue taking by representation, of the *corpus* of the estate, excepting the child receiving the legacy, and the widow deceased during the continuance of the trust, there being no express provision for the disposition of the surplus income.

*Held,* that the gifts of the remainder to the children at the termination of the trust were vested subject respectively to being divested in case of the

· decease of a child without issue within twelve years from the testator's decease.

*Held,* further, that the surplus net income after decease of the widow was not intestate property and should not be accumulated by the trustees but distributed as and when it accrued in equal shares among the seven children or the issue of a deceased child.

(*2*)   *Wills.   Income.   Accumulation.*

Courts do not ordinarily infer an intention to accumulate income in the absence of language indicating such intention.

(*3*)   *Wills.   Vested Remainders.   Income.*

When remainders are vested even although subject to divestiture, the intervening income and profits follow the remainder.

BILL IN EQUITY for construction of will.

RATHBUN, J.   This is a bill in equity for construction of the will of Nelson W. Aldrich.   The cause was certified to this court by the Superior Court in accordance with the provisions of Section 35 of Chapter 289 of the General Laws of 1909.   Three of the testator's children, Edward B. Aldrich, Lucy T. Aldrich and Richard S. Aldrich, bring this bill of complaint individually and as trustees under said will against Winthrop W. Aldrich, Abby A. Rockefeller, Stuart M. Aldrich, William T. Aldrich and Elsie Aldrich Edgell, who together with the complainants comprise all of the testator's children, and the fourteen grandchildren, all infants under the age of twenty-one years.   The parties comprise all of the testator's living descendants.   The testator died April 16, 1915, leaving a last will and testament bearing date July 29, 1908, which was duly admitted to probate.   After making certain devises and bequests which are not material for our consideration, the testator by the fourth clause of his will bequeathed outright to his daughter Abby A. Rockefeller one hundred thousand dollars, which is the only gift to her under the will.   Testator next devised and bequeathed all the rest, residue and remainder of his estate to four trustees, namely, his wife, Abby P. Aldrich, and the three complainants in trust for the uses and purposes later expressed in the will.   Abby P. Aldrich declined the trust and the three complainants constitute the

trustees under the will. The trustees are directed to manage the whole trust estate, keep up and maintain the Warwick Neck Estate, and permit his wife and children to occupy and receive the benefits and products thereof free of any charge during the continuance of the trust; to pay over from the balance of the net income during the continuance of the trust the sum of eight thousand dollars per year to each of his children except Abby A. Rockefeller; that in the event of the decease of any child (except Mrs. Rockefeller) the lawful issue of such child then living to take by way of representation the share which the parent would have taken if then living; that the balance of the net income be paid over to the testator's wife, Abby P. Aldrich, during the term of her natural life; that at the expiration of twelve years from the date of the testator's decease, or in case his wife be living at that date, then upon her decease the trust to terminate and the trustees to pay over and convey discharged of the trust all of the trust estate then remaining in their hands in equal shares unto such of his children as are living, except Mrs. Rockefeller; that the lawful issue then living of any deceased child take by representation the share which their parent would have taken if then living. The testator's widow, Abby P. Aldrich, died on February 17, 1917. The bill avers that since her decease the trustees have annually received, and that henceforth during the period remaining until the termination of the trust, that is until April 16, 1927, they will continue to receive as net income of the residuary trust estate an amount of money substantially in excess of the sums necessary for the proper upkeep and maintenance of the Warwick Neck Estate and for the annual payment of eight thousand dollars to each of the testator's children (except Mrs. Rockefeller) and their issue as provided by the seventh clause of the will. The will makes no express provision as to the disposition of this surplus income.

The complainants, as trustees, desire to be instructed: (1) Whether the surplus net income received by the

trustee after the decease of the testator's widow should be distributed as and when it accrues to the seven beneficiaries, who will, if living, be entitled to distribution upon the termination of the trust and in case of their prior decease to their respective issue; (2) whether such income should be distributed as intestate estate property as and when it accrues to the testator's eight children and in case of their decease to their issue or their personal representatives and if so whether to such issue or to such representatives; (3) whether such income should be accumulated by the trustees until the termination of the trust; (4) whether the interests of the said seven beneficiaries are vested or contingent.

The guardian *ad litem* filed an answer submitting to the care and protection of the court both the rights of the grandchildren and the contingent interests of persons not in being or not ascertainable.

(1) The five respondents, who are the children of the testator, have filed an answer which admits the averments in the bill and states that they are advised and therefore allege that under the true construction of the will, after paying the expense of the upkeep of the Warwick Neck Estate and the annual payment of eight thousand dollars to each of the children (except Mrs. Rockefeller) of the testator, or their issue, as provided in the seventh clause of the will, it is the duty of said trustees from and after the decease of testator's widow to pay over and distribute such balance of the net income, as and when the same accrues, free from all trust in equal shares to said seven children or to their issue in the case of the decease of them or any one of them.

A construction that the balance of the net income is intestate estate would favor Mrs. Rockefeller, as she would be entitled to one-eighth part thereof; but she also contends that such income passes to her brothers and sisters to the exclusion of herself.

In the fifth clause the will provides that the trustees shall apply and pay over the balance of the income "during the continuance of this trust," . . . but the will fails to

state how the balance of the net income, existing by reason
of the decease of the testator's widow, during the contin-
uance of the trust, shall be applied or to whom it shall be
paid.   The testator may have overlooked the possibility of
his wife's decease during the period of the trust.   He did
carefully provide that in the event she survived the twelve
year period the trust should continue until her decease.
Had the testator's widow survived the twelve year period
the whole of the net income would have been paid to her
and the questions now presented would not have arisen.

It is clear that the will shows no intention of the testator
that the surplus net income should be invested to accumu-
late until the termination of the trust, and courts do not
ordinarily infer an intention to accumulate income in the
absence of language indicating such intention (See *Rogers*
v. *Rogers*, 11 R. I. 38; *Butler* v. *Butler*, 40 R. I. 425); and
(2) as no express intention as to the disposition of the surplus
net income can be found in the will we will proceed, by
applying well-settled rules of construction, to consider the
legal effect of the language which the testator used.

The tenth clause of the will is as follows:   "Tenth.   At
the expiration of twelve years from the date of my decease,
or in case my wife, Abby P. Aldrich, be living at that date,
then upon her decease, the trust hereinbefore created shall
terminate, and thereupon my said trustees shall pay over
and convey, discharged of any trust concerning the same,
all the trust estate then remaining in their hands in equal
shares unto such of my children, Lucy T. Aldrich, Edward
B. Aldrich, Stewart M. Aldrich, William T. Aldrich, Richard
S. Aldrich, Winthrop W. Aldrich and Elsie Aldrich as shall
then be living, and the lawful issue then living of either of
them that may have theretofore deceased, whether in my
lifetime or afterwards, such issue taking by representa-
tion in the course of distribution the share which their
parents would have taken if then living."

Do the beneficiaries named in the tenth clause take an
interest absolutely vested or do they take a vested interest

subject to being divested in the event of the beneficiary dying without issue before the termination of the trust; or, are their interests wholly contingent upon the beneficiary surviving the termination of the trust? In 40 Cyc. at p. 1664, are found the following clear and concise rules for determining whether a remainder is vested or contingent: "The chief characteristic which distinguishes a vested from a contingent remainder is the present capacity to take effect in possession should the possession become vacant, and the certainty that the event upon which the vacancy depends· will happen sometime, and not upon the certainty that it will happen or the possession become vacant during the lifetime of the remainderman. In the case of a vested remainder there is a person in being ascertained and ready to take, who has a present right of future enjoyment, which is not dependent upon any uncertain event or contingency, while in the case of a contingent remainder the right itself is uncertain. The uncertainty therefore which distinguishes a contingent remainder is the uncertainty of the right and not of the actual enjoyment, for in this regard any remainder may be said to be uncertain, as the remainderman may die without heirs before the termination of the particular estate."

The gift of the equitable remainder after the life estate, or at the expiration of twelve years from the testator's decease, ·is a gift of residue which constitutes the entire trust estate. The gift is to the testator's children, persons *in esse*, capable of taking with a gift over to the respective issue of the beneficiaries in case of their decease before the termination of the trust. The gift over, according to its express terms, is representative and not substitutional in character. The direction to the trustees is "to pay over" and convey the trust estate to the beneficiaries. The time of payment is definitely fixed and, although the time is not a day certain, the payment is to be made upon the happening of one of two events, both of which are sure to happen. Measured by the above rule the gifts of the remainder to the seven children at the termination of the trust are vested.

The rule has been applied often by this court. In *Butler* v. *Butler*, 40 R. I., at 428, this court quoted from *Kenyon Petr.*, 17 R. I. at 159, as follows: "The law favors vesting very strongly and will not regard a remainder as contingent, in the absence of very decisive terms of contingency, unless the provisions or implications of the will clearly require it, and that words expressive of future time are to be referred to the vesting in possession, if they reasonably can be, rather than to the vesting in right."

In *Staples* v. *D'Wolf*, 8 R. I., at 118, the court said: "The law favors the vesting of estates; and, when a gift is made to a person *in esse*, it passes to the legatees, as a vested interest, immediately on the death of the testator," citing Jarman on Wills, 727; 2 Williams on Executors, 1051; 1 Roper on Legacies, 557. "And if there be a prior gift created, determinable upon an event certain to take place, and there be a gift over upon such determination, the last gift will vest with the first, and it will be held that the possession and enjoyment of the gift is postponed, but not the gift itself . . . And if the gift be expressly to A, and expressed to be payable or to be paid at a certain time, time is held to relate to the payment only, and not to the gift itself, and it confers a vested interest on the testator's death." See also *Storrs* v. *Burgess*, 29 R. I. 269; *R. I. Hosp. Trust Co.* v. *Noyes*, 26 R. I. 323.

Courts have shown a strong inclination to hold that a gift to children or descendants or a gift of the residue of the estate to be vested and *a fortiori* a gift of the residue to children vested. In *Whitman* v. *Huefner*, 221 Mass. 265, the court said: "We must resort for aid to the established rules of construction that long have been applied to similar clauses in like cases. One that is well settled is that no remainder will be construed to be contingent which may, consistently with the intention of the testator, be deemed vested. And where, as in this case, the remainder is to children or other descendants of the testator, that circumstance tends to indicate that vested rather than contingent

remainders were intended to be created." In *Staples* v. *D'Wolf, supra,* at p. 120, the court said: "This is the gift of a *residue,* and the rule is, that such gift will be construed to be vested; and it is said that, in such case, a very clear intent must be shown to postpone the vesting, because intestacy would often be the consequence of a lapse of such gift, and always may be." In *R. I. Hospital Trust Co.* v. *Noyes,* 26 R. I. 323, testator directed that the residue of the income or so much thereof as the trustee should deem advisable should be applied to the use, benefit and education of his grandson until he attained the age of twenty-one years, that after he attained the age of twenty-one years and until he attains the age of twenty-five years all the residue of net income should be paid to him for his own use; that upon his attaining the age of twenty-five years the whole fund and all accumulations be paid to him free from trust for his own use. If the grandson should decease before attaining the age of twenty-five years, it was provided that the fund be distributed among his issue, if any then living, and in default thereof a gift over. The grandson lived to attain the age of twenty-one years but failed to attain the age of twenty-five years. The question arose whether the income accumulated before the death of the grandson went to his executor or followed the *corpus* of the estate. The court held that the grandson took a vested interest which was divested by his death before attaining the age of twenty-five years and that the accumulated income went to his executor. It was contended that the grandson took a contingent interest and that inasmuch as the accumulations were not specifically mentioned in the gifts over that there was an intestacy as to the accumulations. In answer to this contention the court quoted with approval the language of Sir Richard Pepper Arden, Master of the Rolls, in *Booth* v. *Booth,* 4 Ves. Jr., page 407: "Every intendment is to be made against holding a man to die intestate, who sits down to dispose of the residue of his property." In *Butler* v. *Butler,* 40 R. I. 428, substantially the same questions arose

as are presented in the case before us. The testator bequeathed three-fifths of the income of his estate to his wife for life and two-fifths to his daughter for life and directed that on the death of his wife and when his son W. shall have reached the age of twenty-eight years, that the trust terminate and two-fifths of the estate go to the daughter and one-fifth to each of the sons with the proviso that if the daughter be not living at the termination of the trust the estate be equally divided among the testator's children, the share of any deceased child to go to the heirs of the body of such child and the daughter's share go to her children. The widow deceased before W. reached the age of twenty-eight years. All children were living. The question arose as to what disposition should be made until the termination of the trust of the income which would have been paid to the widow had she lived. The answer was dependent primarily upon whether the remaindermen took vested or contingent remainders. It was held that the daugher took a vested remainder in two-fifths of the *corpus*, subject to being decreased to one-fourth in the event of her dying before the termination of the trust, and that each of the three sons took a vested remainder in one-fifth of the *corpus* subject to being increased to one-fourth in the event of the daughter's decease before the termination of the trust. As the will failed to show a desire for accumulations of income the court held that from the death of the wife until the termination of the trust the three-fifths of the income of the estate given her for life should not accumulate to increase the *corpus* but should be paid as it accrued to the vested remaindermen, in the proportion of two-fifths to the daughter and one-fifth to each of the sons. This case was followed by *Norman* v. *Prince*, 40 R. I. 402. See also the following cases holding that when the remainders are vested, even although subject to divestiture, the intervening income and profits follow the remainders. *R. I. Hosp. Trust Co.* v. *Noyes*, 26 R. I. 323; *Phipps* v. *Ackers*, 9 Cl. & F. 583, 585, (House of Lords); *Nicholls* v. *Osborn*, 2 P. Wms. 419;

*Chaworth* v. *Hooper*, 1 Brown's Ch. 81; *Whitter* v. *Bremridge,* L. R. 2 Eq. 736; *Hawkins* v. *Combe*, 1 Brown's Ch. 335; *Andrew* v. *Andrew*, L. R. 1 Ch. D. 410; *Woodman* v. *Madigan*, 58 N. H. 6; *Sanborn* v. *Clough*, 64 N. H. 315; *Whitridge* v. *Williams*, 71 Md. 105; *Matter of Hayden*, 77 Hun. (N. Y.) 219; *Ferguson's Estate*, 35 Pa. Co. Court Rep. 466.

Our conclusion is, that the interests in remainder of Lucy T.Aldrich, Edward B. Aldrich, Stuart M. Aldrich, William T. Aldrich, Richard S. Aldrich, Winthrop W. Aldrich and Elsie Aldrich Edgell in the residue of the estate are vested subject respectively to being divested in case of their decease without issue within twelve years from the testator's decease; that the surplus net income received by the trustees after the decease of the testator's widow is not intestate property; that said income should not be accumulated by the trustees until the termination of the trust; and that said net income should be distributed as and when it accrues in equal shares among the seven persons above named, and that in the event of the death of any one of said seven persons during the continuance of the trust the issue of such deceased person to receive the share which the parent would have received if living and the complainants are advised accordingly.

The parties may present to this court a form of decree in accordance with this opinion.

*Green, Hinckley & Allen,* for complainants and respondents.　*Frederick W. Tillinghast, Clifford A. Kingsley,* of counsel.

*James B. Littlefield, Guardian ad litem.*