P. L. HOCKMAN, and W. O. Grove, Executors of the Estate of Raymond J. Funkhouser

v.

UNITED STATES of America.

BLAKELY BANK AND TRUST CO. et al.,

v.

UNITED STATES of America.

Civ. Nos. 18735, 18736.

United States District Court, D. Maryland.

April 30, 1971.

John S. McDaniel, Jr., Lawrence A. Kaufman, and Cable, McDaniel, Bowie & Bond, Baltimore, Md., for plaintiffs.

Johnnie M. Walters, Asst. Atty. Gen., Donald R. Anderson and Edward J. Snyder, Attys., Dept. of Justice, Washington, D. C., Stephen H. Sachs, U. S. Atty., and Alan B. Lipson, Asst. U. S. Atty., for defendant.

FRANK A. KAUFMAN, District Judge.

On October 1, 1953, Raymond J. Funkhouser (Grantor), at that time a resident of the State of Maryland, created an irrevocable inter vivos trust providing, *inter alia*, for all of the net income of that trust to be paid to his grandson during the grandson's lifetime. Article Fifth (3) of that trust states:

Notwithstanding anything herein to the contrary provided, the Trustees are authorized in their absolute discretion from time to time to pay over to or expend on behalf of any person who is an income recipient hereunder at the time, such sum or sums from the principal of the Trust as they shall deem necessary or advisable to provide for any illness or other emergency affecting such person who is an income recipient hereunder at the time or any member of his or her immediate family, or to provide for the care, maintenance, support or education of such person or any member of his or her immediate family.

In Funkhouser's Trusts v. Commissioner of Internal Revenue, 275 F.2d 245 (4th Cir.), cert. denied, 363 U.S. 804, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960), Judge R. Dorsey Watkins of this Court (sitting by designation on the Fourth Circuit), in the course of construing that same Article Fifth (3) in seventeen separate trust created by the Grantor in the years between 1948 and 1953, noted (275 F.2d at 246) that those trusts "are irrevocable, and are identical in terms except for designation of the respective beneficiaries." After setting forth the text of Article Fifth (3), Judge Watkins wrote (at 247–248):

In each trust the trustees were thus given the absolute discretion to invade to the point of extinction the corpus of the trust, and thus destroy the interest of the initial income beneficiary in income to the extent of such invasion, not merely to provide for "any illness or emergency affecting" any "person who is an income recipient at the time * * * or to provide for the care, maintenance, support or education of such person"; but the same right was given, for the same purposes, with respect to "any member of his or her immediate family." There is no evidence in the record that the use of corpus for either class was so remote as to be negligible.

The Internal Revenue Code of 1939 (26 U.S.C.) provides:

"§ 1003. Net gifts.

"(a) *General definition.*
The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 1004.

"(b) *Exclusions from gifts.*

\* \* \* \* \* \*

"(3) [as added by Sec. 454 of the Revenue Act of 1942, c. 619, 56 Stat. 953] *Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

\* \* \* \* \* \*

The "right" of the income beneficiaries to receive income was dependent upon the existence and amount of a corpus from which the income was to be derived. There was no certainty as to duration, or amount. The corpus of any trust could have been reduced at any time, in any amount (with corresponding reduction of income productivity), not simply for the needs of an income beneficiary but for those of any member of his or her immediate family.

Petitioners' contention that their income interests should be valued as life estates because their interests could only be increased, as distinguished from decreased, by distributions of corpus, is without merit.

Under the trusts, no beneficiary had any life interest in the income from any ascertainable amount of corpus. That corpus could be reduced or wiped out at any time. Such reduction or elimination could be on behalf not only of the income beneficiary but of any member of his or her immediate family. Further, to the extent that any distribution (whether directly to or for the income beneficiary or on behalf of a member of his or her immediate family) could be considered an increase in the income beneficiary's income interest, this would come from corpus, and the gifts of corpus admittedly were gifts of future interests, excluded in valuing the beneficiary's interest in income when the trust was created. [Footnote omitted.]

Accordingly, Judge Watkins held that the $3000 annual exclusion was not allowable in connection with gifts made by the Grantor to the trusts in the years 1948–1953.

In this case, the facts have been presented in an agreed statement. Both sides have filed motions for summary judgment. The legal issue presented is whether the $3000 annual exclusion is available for gifts made by the Grantor to one of the seventeen trusts during the years 1957–1959. Those gifts were made after the Congress, in 1954, amended Section 1003(b) of the 1939 Code by adding to it (as Section 2503(b) of the 1954 Code) the following sentence:

Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

Plaintiffs seem to read the post-1954 law as allowing the $3000 annual exclusion unless a person other than the income beneficiary has a legal or enforceable interest in the corpus of the trust as a beneficiary. Plaintiffs contend that no interest relating to the period of the life estate can pass, or has passed, to any person other than the Grantor's grandson, that only the grandson has an enforceable interest during the life estate, and further, that the trustees lack authority under Article Fifth (3) to make payments during the life estate to any person except for the grandson's benefit. *Compare* Whitridge v. Williams, 71 Md. 105, 17 A. 938 (1889), *with*

Johnson v. Johnson, 215 Mass. 276, 102 N.E. 465 (1913). *Cf.* 2 Scott on Trusts § 127.3 (3d ed. 1967); Restatement, Trusts (Second) § 127 com. d. In support of their position, plaintiffs cite Reg. § 25.2503–3, which provides, in part:

(a) No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time. * * *

(b) An unrestricted right to the immediate use, possession, or enjoyment of property or the income from property (such as a life estate or term certain) is a present interest in property. An exclusion is allowable with respect to a gift of such an interest (but not in excess of the value of the interest). *If a donee has received a present interest in property, the possibility that such interest may be diminished by the transfer of a greater interest in the same property to the donee through the exercise of a power is disregarded in computing the value of the present interest, to the extent that no part of such interest will at any time pass to any other person* (see example (4) of paragraph (c) of this section). * * * [Emphasis supplied.]

Example (4) which follows that regulation states:

Example (4). Under the terms of a trust the net income is to be paid to F for life, with the remainder payable to G on F's death. The trustee has the uncontrolled power to pay over the corpus to F at any time. Although F's present right to receive the income may be terminated, no other person has the right to such income interest. Accordingly, the power in the trustee is disregarded in determining the value of F's present interest. The power would not be disregarded to the extent that the trustee during F's life could distribute corpus to persons other than F.

█ Example (4) does refer to the "right" to receive income. Plaintiff urges that it is only if there is an enforceable interest in the trust in someone other than the life beneficiary donee that the donor can be denied the benefit of Section 2503(b). But the portion of Reg. § 25.2503–3(b) italicized in one of the preceding paragraphs of this opinion compels the contrary conclusion, namely, that it is only when the interest in the gift may be diminished by a transfer to the life beneficiary donee that the 1954 amendment to Section 2503(b) comes into play. That view is strongly indicated by the legislative history of the 1954 amendment. S.Rep.No.1622, 83d Cong., 2d Sess., 3 U.S.Code Cong & Admin.News, pp. 4621, 4761, and the Joint Conference Rep., *id.* at pp. 5336–5337. The Senate Report (at p. 4761) states:

*(2) Changes made by committee*

Present law provides an exclusion for the first $3,000 of gifts by a donor to a donee in a calendar year unless the gifts are gifts of future interest. Sometimes a present interest in property, such as a life estate, is coupled with a future interest, such as the power of a trustee to terminate a trust and make immediate distribution to the life tenant. Under present law the life estate might be held to have no value since the future interest could result in its immediate termination although such termination would increase rather than diminish the value of the gift to the donee. Therefore, the House and your committee have added a new provision that *will allow the value of the present interest to be computed without regard to the effect of the power upon it if the power can only be exercised to increase the donee's interest in the property.* [Emphasis supplied.]

That Report also contains the following comment (at pp. 5122–5123):

> Subsection (b) of this section corresponds to section 1003(b) (3) of the 1939 Code in the House bill, but your committee has made a substantive amendment. *Certain court decisions have indicated that, although a gift may be made in trust of the present right to receive income, if powers are given to the trustee in his uncontrolled discretion to pay over the trust principal to the income beneficiary, the income interest is not susceptible of determination and, therefore, is to be treated as a gift of a future interest.* Your committee believes that such determinations, in certain instances, may reach undesirable results. Accordingly, subsection (b) has been modified by your committee to provide that, where there has been a transfer to any person of a present interest in property *the possibility that such present interest may be diminished by the exercise of a power shall be disregarded in determining whether the gift of such an interest is a future interest, provided that no part of such interest will at any time pass to any other person.*
>
> Thus, assume that under the terms of a trust the income is payable to A for life, with the remainder payable to B upon A's death, and that the trustee has uncontrolled power to pay over the trust principal to A in whole or in part at any time. Although in such case A's present right to receive income may be terminated, no other person has the right to such income interest. Accordingly, under this subsection as modified, the present right in A will not be treated as a gift of a future interest. *This rule will not apply, however, if the trustee could pay over any part of the corpus during A's life to persons other than A.* [Emphasis supplied.] [The use of the word "could" in the last sentence is additionally emphasized.]

The Joint Conference Report (at pp. 5336–5337) notes that the Senate Amendment—

> adds * * * a provision which would prevent the disallowance of the exclusion in a case where there is a possibility that the present interest may be decreased by the exercise of a power if no part of such interest can pass to another person.

■ Plaintiffs contend that the trustees cannot make payments to a person other than the Grantor's grandson unless the "benefit" of such payments runs to the grandson as well as to the recipient. But the trust instrument permits the trustees to make, "in their absolute discretion" such payments, as they "deem necessary or advisable" to "any member" of the grandson's "immediate family, or to provide for the care, maintenance, support or education" of the grandson or "any member of his * * * immediate family." The trustees are not limited to making payments to persons other than the grandson for the purpose of discharging legal obligations of the grandson as the life income beneficiary. They can make payments "from the principal of the Trust" to such person "on behalf of" the life income beneficiary if they, "in their absolute discretion," deem the same "necessary or advisable," regardless of whether such payments are or are not in discharge of a legal obligation of the grandson. The grandson's life interest is thus subject, as Judge Watkins observed in his opinion, to being decreased by payments by the trustees to persons other than the grandson, to the extent the trustees determine that any such payment is necessary or advisable.

The presence, in the 1954 amendatory statutory language of the clause, "if no part of such interest will at any time pass to any other person"—the use in Reg. § 25.2503–3 of the words, "to the extent that no part of such interest will at any time pass to any other person"—the words, "no other person has the right to such income interest" in Example (4) which follows that Regulation—and the

proviso at the end of the first paragraph in S.Rep.No.1622 (quoted *supra* at p. 336), are all noted. But they must be read in conjunction with the language of the last sentence (quoted *supra* at p. 336) in the Senate Report and the comment in the Joint Conference Report (quoted *supra* at p. 336), both of which emphasize the need for this Court to inquire as to whether a present interest—in this case, the grandson's life estate—may be decreased by payments to one or more other persons. The answer to that inquiry is clear: the trustees have the discretionary authority to bring about such a decrease and they further have the discretionary authority, as Judge Watkins' analysis illustrates, under Art. Fifth (3), to pass interests in the corpus of the life estate to persons other than the Grantor's grandson during the latter's life.

Accordingly, the $3000 annual exclusion is not allowable in connection with the Grantor's gifts to the trust during the years 1957–1959. Defendant's motions for summary judgment are therefore granted. It is so ordered.